948 So.2d 1046 (2007)
Tarome ROLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-397.
District Court of Appeal of Florida, Second District.
February 23, 2007.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Tarome Rollins filed this appeal of two separate circuit court cases. In case number CF05-5868, Rollins pleaded guilty to possession of cocaine within 1000 feet of a church with intent to sell, and in case number CF97-5898, the trial court found that Rollins violated probation by committing the above offense and by knowingly being in a place where drugs are unlawfully sold, dispensed, or used. Rollins had filed a motion to suppress in both cases, arguing that police did not have probable cause to arrest him for violating his probation, and therefore, the cocaine found during the search incident to the arrest should be suppressed. We agree and reverse.
At the hearing on the motion to suppress, Officer Ronald Bowling testified that he observed Rollins talking to a man in a hotel parking lot. Officer Bowling testified that the hotel and its parking lot was known as a high drug area and that police had made several recent arrests relating to illegal narcotics in that area. Officer Bowling approached Rollins and asked him if he lived or worked in that area, and Rollins replied that he did not. The other man stated that he worked at the hotel. Rollins then volunteered his identification card to the officer. While a second officer was checking Rollins' identification on his computer, Officer Bowling asked Rollins if he could search him and Rollins declined to be searched.
The computer check revealed that Rollins was on probation, and Officer Bowling thereafter arrested Rollins for violating his probation by being in an area where drugs are unlawfully sold, dispensed, or used. In a search incident to the arrest, cocaine was found in Rollins' front pants' pocket.
Condition five of Rollins' probation required that he "shall not knowingly visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used." At the hearing on the motion to suppress, there was no evidence that Rollins knew the hotel area was a place where drugs are unlawfully sold, dispensed, or used. Therefore, police did not have probable cause to arrest him for *1048 violating this condition of his probation, and evidence found during the search incident to that arrest should have been suppressed.
We are mindful that the United States Supreme Court recently held that the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee. Samson v. California, ___ U.S. ___, 126 S.Ct. 2193, 2202, 165 L.Ed.2d 250 (2006). However, Samson examined a California law which provided that "every prisoner eligible for release on state parole `shall agree in writing to be subject to search or seizure by a parole officer or other peace officer at any time of the day or night, with or without a search warrant and with or without cause.'" Id. at 2196 (citing Cal.Penal Code Ann. § 3067(a) (West 2000)). There is no similar law in Florida requiring a person placed on probation to submit to a search, with or without cause, by a law enforcement officer. Therefore, Samson does not apply to the case at bar.
Accordingly, we reverse Rollins' judgment and sentence in case number CF05-5868 and the order revoking his probation in case number CF97-5898, and we remand the cases for further proceedings.
Reversed and remanded.
NORTHCUTT, J., and THREADGILL, EDWARD F., Senior Judge, Concur.